DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                              )
UNITED STATES OF AMERICA and   )
PEOPLE OF THE VIRGIN ISLANDS,  )
                                              )
                                              )
          v.                                  )     Criminal Action No. 2013-020
                                              )
                                              )
FRANCISCO "CISCO" HASSELL III,  )
EDWIN HENDRICKSON, JR., and     )
RUSIEL "ROMEO" ENCARNACION,  )
                                              )
          Defendants.              )
_____)

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States and the Virgin Islands*

**Jomo Meade, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Rusiel Encarnacion*

**Emile A. Henderson, III, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Franciso Hassell III*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I
    *For Defendant Edwin Hendrickson, Jr.*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Francisco Hassell III's "Motion to Dismiss the Indictment with Prejudice" (Dkt. No. 10), filed on October 8, 2013. Defendants Edwin Hendrickson, Jr. and Rusiel Encarnacion joined the Motion on October 9 and 10, 2013,

respectively. (Dkt. Nos. 13 & 14). The Government filed an Opposition on October 23, 2013. (Dkt. No. 22). For the reasons set forth below, the Court will deny the Motion.

### DISCUSSION

The Government initiated this action in this Court by filing an Information against Defendants on February 13, 2013. (1:13-cr-00005, Dkt. No. 1).[1] Since the initiation of the action, various legal issues have been hotly contested.

On September 26, 2013, the Grand Jury returned an Indictment against Defendants, predicated on the same events charged in the Information. (Dkt. No. 1). The Indictment added no new charges against Defendants, while reducing the number of counts against them from twenty-nine to twenty-one. (Dkt. No. 1; 1:13-cr-00005, Dkt. No. 1). Defendants were arraigned on the Indictment on October 11, 2013. (Dkt. No. 16).

The Government moved on October 4, 2013, pursuant to Federal Rule of Criminal Procedure 48(a) ("Rule 48(a)"), to dismiss the previously filed Information against Defendants without prejudice, indicating that Defendants were subsequently indicted. (1:13-cr-00005, Dkt. No. 134). On October 7, 2013, the Magistrate Judge granted the Government's Motion and dismissed the Information without prejudice. (1:13-cr-00005, Dkt. No. 135).

Defendants now contend that the Indictment should be dismissed with prejudice, and offer two arguments in support of their contention. First, Defendants argue that they have been prejudiced because "now that the Government has filed the new Indictment, the [Speedy Trial Act] clock restarts with a new seventy (70) days." (Dkt. No. 10 at 9). Second, Defendants argue that the Indictment should be dismissed because the Magistrate Judge erred in dismissing the

---

[1] Defendants were initially charged in an Information filed in the Superior Court of the Virgin Islands. The charges in the Superior Court were dismissed after the Government filed the Information in this Court.

Information without prejudice, without giving Defendants an opportunity to respond to the Government's Motion for dismissal. (*Id.* at 11).

With regard to Defendants' Speedy Trial Act argument, Defendants are mistaken. They have not been prejudiced by the dismissal of the Information without prejudice, and the filing of the Indictment. As noted earlier, the subsequent Indictment added no new offenses; therefore, the Speedy Trial Act clock did not begin anew with the filing of the Indictment. *See United States v. Lattany*, 982 F.2d 866, 873 n.7 (3d Cir. 1992) ("When subsequent charges are filed in a supplemental indictment that charge the same offense as the original indictment or one required to be joined therewith, as in this case, the speedy trial period commences with the original filing.") (citations omitted). The Government concedes this point in its Opposition. (Dkt. No. 22 at 4).

As Defendants note, in the Virgin Islands an Information and an Indictment are equivalents under the law. (Dkt. No. 10 at 7) (citing *Ballantine v. Hendricks*, 351 F. Supp. 208, 212 (D.V.I. 1972) (citing *Gov't of the V.I. v. Bolones*, 427 F.2d 1135 (3d Cir. 1970)). In its Opposition, the Government states that it "pursued the indictment consistent with its practice of affording all defendants who go to trial the benefit of a Grand Jury Indictment." (Dkt. No. 22 at 3). Accordingly, because the Speedy Trial Act clock has not been reset, Defendants' contention that "the Government's conduct can only be deemed as a decision to seek a tactical advantage over Defendant[s] and to circumvent the Speedy Trial Act Protections" (Dkt. No. 10 at 11–12), carries no weight. Thus, Defendants have failed to identify any tactical advantage that the Government has gained, or any circumvention of the Speedy Trial Act that has resulted, from the dismissal of the Information and the filing of the Indictment.

Defendants are similarly mistaken with regard to their argument that the Magistrate Judge

3

erred in dismissing the Information without prejudice. Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Courts are "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)). As this Court explained in *United States v. Galloway*:

> Rule 48(a)'s principal purpose is to protect criminal defendants from "prosecutorial harassment"—"the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant." *Richards*, 213 F.3d at 787; *see also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) ("The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime.") (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)); *United States v. Wecht*, 2008 U.S. Dist. LEXIS 753, at *10 (W.D. Pa. Jan. 4, 2008). Other situations in which dismissal would be "clearly contrary to manifest public interest" include cases "in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 787 (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)).

2013 U.S. Dist. LEXIS 124279, at *4 (D.V.I. Aug. 30, 2013). Generally, Rule 48(a) dismissals are granted without prejudice. *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994).

Here, the Government supported its "Motion to Dismiss Information," by asserting that "the defendants were subsequently indicted in criminal number 2013/0020." (1:13-cr-00005, Dkt. No. 134). As noted, the Government has indicated that its practice is to "afford[] all defendants who go to trial the benefit of a Grand Jury Indictment." (Dkt. No. 22 at 3). Accordingly, the Government refiled the charges against Defendants by way of Indictment and sought to dismiss the Information without prejudice.

The Court agrees with the general proposition that defendants should be afforded the opportunity to challenge the Government's request for a dismissal without prejudice under Rule

48(a), and acknowledges that Defendants here were not afforded that opportunity prior to the Magistrate Judge's ruling on the Government's Motion to Dismiss the Information. However, in the context of the instant Motion, Defendants have failed to advance any reasons to suggest that the dismissal without prejudice of the Information was improperly granted or that the Indictment should otherwise be dismissed. Indeed, this is not a case of "prosecutorial harassment." *Derr*, 726 F.2d at 619. As noted earlier, Defendants' contention that the Government was receiving some sort of tactical advantage is belied by the fact that the Speedy Trial Act clock was not implicated. Nor has there been any showing of bad faith by the Government or any other indication that the dismissal of the Information without prejudice was "clearly contrary to manifest public interest." *Richards*, 213 F.3d at 787. In sum, Defendants have provided no justifiable basis for dismissing the Indictment under the circumstances here.

Defendants rely on two cases for support that are clearly distinguishable. (Dkt. No. 10 at 10 (citing *Gov't of the V.I. ex rel. Robinson v. Schneider*, 893 F. Supp. 490 (D.V.I. 1995); *Derr*, 726 F.2d at 619)). In *Robinson*, the defendant was charged with first degree murder, tried in federal court, acquitted of murder, and convicted of voluntary manslaughter. 893 F. Supp. at 492. After the Third Circuit reversed the conviction, the district court granted the government's motion to dismiss the indictment without prejudice—premised on the explanation that "further prosecution in this matter would not be in the best interest of justice." *Id.* Two months later, the government filed an information against the defendant in the then Territorial Court of the Virgin Islands, again charging him with first degree murder. *Id.* The defendant subsequently filed a petition for a writ of *habeas corpus* in district court, arguing that the new information filed against him in the local court violated the double jeopardy clause of the Fifth Amendment. *Id.* at 493. The district court found that the government's actions were "fundamentally unfair and

5

inconsistent with our notions of fair play and substantial justice" and that they "unfairly prejudiced [the defendant]." *Id.* at 497. Accordingly, the district court amended its prior dismissal of the indictment to make it a dismissal with prejudice. *Id.* at 497–99.

No reasonable parallels can be drawn between the facts and circumstances of the *Robinson* case—with its dismissal of a federal indictment on nebulous grounds following a reversal of the defendant's conviction, and a subsequent refiling in local court—and the instant case. Therefore, *Robinson* is inapposite.

*Derr* is equally inapt. The court there granted the government's Rule 48(a) motion to dismiss the indictment without prejudice the day the trial was scheduled to commence, based on the government's assertion that dismissal would "best meet the ends of justice." 726 F.2d at 618. The government subsequently filed an indictment over two years later, charging the defendant with the same criminal conduct. *Id.* The district court granted the defendant's motion to dismiss and the Tenth Circuit affirmed on appeal, holding that "to honor the purpose of [Rule 48(a)], the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *Id.* at 619. The facts and circumstances in *Derr*—with its day-of-trial, "ends of justice" dismissal and a refiling two years later—are vastly different from the instant matter. Defendants' reliance on *Derr* is therefore misplaced.

In sum, the reasons advanced by Defendants for dismissing the Indictment are without merit. Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Defendants' "Motion to Dismiss the Indictment with Prejudice" (Dkt. No. 10) is **DENIED**.

**SO ORDERED.**

Date:  February 5, 2014                                  _____/s/_____
                                                                                WILMA A. LEWIS
                                                                                Chief Judge